[No. B007733. Second Dist., Div. Two. July 8, 1985.]

MICHAEL McATEE et al., Plaintiffs and Appellants, v.
NEWHALL LAND & FARMING CO., INC., et al.,
Defendants and Respondents.

COUNSEL

Robert S. Fink for Plaintiffs and Appellants.

Childers & Dickinson, Lenore O. De Vita and Walter K. Childers for Defendants and Respondents.

OPINION

ROTH, P. J.—Appellants Michael McAtee and Jed Seybold were injured while participating in a motorcycle, or "motocross," race sponsored by respondent American Motocross Enterprises, and held on land owned by respondent Newhall Land & Farming Co., Inc. which had been rented to the sponsor for the purpose.

As a condition to entering the race appellants each signed a "Release and Waiver of Liability and Indemnity Agreement," exact copies of which we attach as appendices to this opinion.

Based upon the injuries they suffered, appellants brought suit on the dual theories of general negligence and negligence associated with the ownership or possession of real property. After answering the complaint, respondents moved for summary judgment premised upon the respective release and waiver agreements. That motion was granted, the trial court expressing its reasoning as follows: "THE COURT: How could this be more clear, this release?

"If I were to agree with your position, Mr. Fink, then no releases would ever be good, and as a practical matter, this business would probably go out of business.

"These people are going to engage in a motocross operation. They signed releases which say that it's dangerous, that there are all sorts of problems and you are likely to get hurt. And the release language is as clear as it could possibly be.

"Now, they try to say it's not a valid release, because the fellow didn't stand in a particular place and say, 'Don't go this way. Go that way.'

"That is your case, and I find that release language to be totally unassailable.

"THE COURT: You know, I have only one set of eyes to give to this job, and I routinely refuse to read print that is too small. For example, I almost always routinely refuse to read any Los Angeles City ordinance presented to me in a newspaper printout, because it's too much—I mean, I could read it if I put my eyes to it, but it's too much strain. And I don't do it.

"But this print is in big—not big, but it's in clear, black type that I can look at without any problem whatsoever. I had no problem reading this thing.

"Again, I am looking here to the nature of the activity involved. . . ."

■ In urging the reasoning employed and the result reached by the trial court were erroneous appellants rely upon the rationales and decisions found in *Conservatorship of Link* (1984) 158 Cal.App.3d 138 [205 Cal.Rptr. 513], *Ferrell* v. *Southern Nevada Off. Road Enthusiasts, Ltd.* (1983) 147 Cal.App.3d 309 [195 Cal.Rptr. 90], and *Celli* v. *Sports Car Club of America, Inc.* (1972) 29 Cal.App.3d 511 [105 Cal.Rptr. 904]. We are of the opinion, however, that none of these cases is dispositive of the matter before us, since each turned on critical facts not present here.

So, in *Link* a purported release agreement required as a condition of entry to a racing event was held unenforceable because it was printed in type which could not easily be read by persons of ordinary vision and because it consisted of two documents with different terms, which at best were unclear, not explicit and so lengthy and convoluted as to be incomprehensible; in *Ferrell* there was lacking adequate, clear and explicit exculpatory language in that no words such as "release," "remise," "discharge," "waiver" or the like appeared in the document in question; and in *Celli* there was missing

from the release agreement any satisfactory indication that the defendants there were to be absolved from the consequences of their own negligence.

Such being the case, we are rather of the view that the trial court's determination herein must be tested by those general principles enunciated in *Tunkl* v. *Regents of University of California* (1963) 60 Cal.2d 92 [32 Cal.Rptr. 33, 383 P.2d 441, 6 A.L.R.3d 693], in the following fashion: "The cases have consistently held that the exculpatory provision may stand only if its does not involve 'the public interest.' . . . .

"In placing particular contracts within or without the category of those affected with a public interest, the courts have revealed a rough outline of that type of transaction in which exculpatory provisions will be held invalid. Thus the attempted but invalid exemption involves a transaction which exhibits some or all of the following characteristics. It concerns a business of a type generally thought suitable for public regulation. The party seeking exculpation is engaged in performing a service of great importance to the public, which is often a matter of practical necessity for some members of the public. The party holds himself out as willing to perform this service for any member of the public who seeks it, or at least for any member coming within certain established standards. As a result of the essential nature of the service, in the economic setting of the transaction, the party invoking exculpation possesses a decisive advantage of bargaining strength against any member of the public who seeks his services. In exercising a superior bargaining power the party confronts the public with a standardized adhesion contract of exculpation, and makes no provision whereby a purchaser may pay additional reasonable fees and obtain protection against negligence. Finally, as a result of the transaction, the person or property of the purchaser is placed under the control of the seller, subject to the risk of carelessness by the seller or his agents." (*Id.*, at pp. 96, 98-101, fns. omitted.)

At the same time: "[N]o public policy opposes private, voluntary transactions in which one party, for a consideration, agrees to shoulder a risk which the law would otherwise have placed upon the other party, . . ." (*Ibid.*, at p. 101.)

As can be seen, by no means other than a most strained construction could the exculpatory instrument in issue involve the public interest in terms of the described components. This, taken together with the fact the remaining characteristics of the instrument are not at odds with those condemned in

the cases previously cited, compels the conclusion the trial court's ruling under the circumstances present was correct.[1]

The order appealed from is affirmed.

Beach, J., and Gates, J., concurred.

Appellants' petition for review by the Supreme Court was denied October 16, 1985.

---

[1]Appellants also maintain triable issues of fact were created by their assertion a representation by respondents to the effect a "flagman" would be stationed at the place where appellants were injured was fraudulently made. Suffice it to say no allegations respecting fraud were contained in appellants' complaint and that in any event the showing with respect to the purported issue was inadequate for its intended purpose.

# APPENDIX

ENTRY FORM — AMERICAN MOTOCROSS ENTERPRISES, P.O. Box 1421, Reseda, Calif. (213) 881-5778

*[Handwritten entries on form:]*

**ENTRY FORM** ~TEAM RACE~

SITE: MMCS 12-13-82

NAME: KRABS KRULL & GARVY SEABOXD  AGE 21, 23

TYPE BIKE: XR  SIZE 75cc

SPONSOR: KZ RACING TEAM  RIDING NO 3

ADDRESS: 5310 Hisson  CITY Holly

STATE: CA  ZIP 91607  PHONE 505-4237

DESCRIPTION AND LOCATION OF EVENT ____

☐ BEG  ☐ JR  ☐ INT  ☐ PRO  ☐ PP  ☐ O.T. (over 30 yrs)  ☐ MINI JR  ☐ MINI INT  ☐ MINI EXP

## RELEASE AND WAIVER OF LIABILITY AND INDEMNITY AGREEMENT

IN CONSIDERATION of being permitted to enter for any purpose any RESTRICTED AREA (herein defined as including but not limited to the racing surface, pit areas, infield, burn out area, approach area, shut down area, and all walkways, concessions and other areas appurtenant to any area where any activity related to the event shall take place), or being permitted to compete officiate, observe, work for, or for any purpose participate in any way in the event, EACH OF THE UNDERSIGNED, for himself, his personal representatives, heirs, and next of kin, acknowledges, agrees and represents that he has, or will immediately upon entering any of such restricted areas, and will continuously thereafter, inspect such restricted areas and all portions thereof which he enters and with which he comes in contact, and he does further warrant that his entry upon such restricted area or areas and his participation, if any, in the event constitutes an acknowledgement that he has inspected such restricted area and that he finds and accepts the same as being safe and reasonably suited for the purposes of his use, and he further agrees and warrants that if at any time, he is in or about restricted areas and he feels anything to be unsafe, he will immediately advise the officials of such and will leave the restricted areas:

1. HEREBY RELEASES, WAIVES, DISCHARGES AND COVENANTS NOT TO SUE American Motocross Enterprises, Inc., Jerry J. and Shirley J. Shore, the promoter, participants, racing association, sanctioning organization or any subdivision thereof, track operator, track owner, officials, car owners, drivers, pit crews, any persons in any restricted area, promoters, sponsors, advertisers, owners and lessees of premises used to conduct the event and each of them, their officers and employees, all for the purposes herein referred to as "releases", from all liability to the undersigned, his personal representatives, assigns, heirs, and next of kin for any and all loss or damage, and any claim or demands therefor on account of injury to the person or property or resulting in death of the undersigned, whether caused by the negligence of the releasees or otherwise while the undersigned is in or upon the restricted area, and/or, competing, officiating in, observing, working for, or for any purpose participating in the event;

2. HEREBY AGREES TO INDEMNIFY AND SAVE AND HOLD HARMLESS the releasees and each of them from any loss liability, damage, or cost they may incur due to the presence of the undersigned in or upon the restricted area or in any way competing, officiating, observing, or working for, or for any purpose participating in the event and whether caused by the negligence of the releasees or otherwise.

3. HEREBY ASSUMES FULL RESPONSIBILITY FOR AND RISK OF BODILY INJURY, DEATH OR PROPERTY DAMAGE due to the negligence of releasees or otherwise while in or upon the restricted area and/or while competing officiating observing or working for or for any purpose participating in the event.

EACH OF THE UNDERSIGNED expressly acknowledges and agrees that the activities of the event are very dangerous and involve the risk of serious injury and/or death and/or property damage EACH OF THE UNDERSIGNED further expressly agrees that the foregoing release, waiver, and indemnity agreement is intended to be as broad and inclusive as is permitted by the law of the Province or State in which the event is conducted and that if any portion thereof is held invalid, it is agreed that the balance shall, notwithstanding, continue in full legal force and effect.

THE UNDERSIGNED HAS READ AND VOLUNTARILY SIGNS THE RELEASE AND WAIVER OF LIABILITY AND INDEMNITY AGREEMENT, and further agrees that no oral representations, statements or inducements apart from the foregoing written agreement have been made.

NOTE YOUR MEMBERSHIP DOES NOT IN ANY WAY INCLUDE OR GUARANTEE TO YOU ANY INSURANCE COVERAGE OF ANY KIND. INSURANCE, IF ANY PROVIDED BY THE AMERICAN MOTO CROSS ENTERPRISES, INC., IS WITHOUT COST TO YOU AND MAY BE INCREASED, DECREASED, CANCELLED IN ANY WAY CHANGED BY THE INCORPORATION AT ANY TIME AT ITS SOLE DISCRETION.

IF UNDER 18 YEARS OF AGE, NOTARIZED SIGNATURE OF PARENT OR GUARDIAN IS REQUIRED

SIGNATURE OF APPLICANT ____

SIGNATURE OF PARENT OR GUARDIAN (if applicant is under 18 years of age) ____

WITNESS ____

## *Ventura Counties #1 DEALER*

# SIMI VALLEY CYCLE

A.M.E. MEMBERS SPECIAL DISCOUNT

YAMAHA MAICO
Husqvarna SUZUKI

2902 E. LOS ANGELES AVENUE
SIMI VALLEY, CA 93065
(805) 522-3434

come in and see why were #1

## APPENDIX

AMERICAN MO1    TOSS ENTERPRISES, P.O. Box 1421, Reseda, Calif    15   (213) 881-5778

**NTRY FORM** *TEAM RACE*

12-13-82

RELEASE AND WAIVER OF LIABILITY AND INDEMNITY AGREEMENT

IN CONSIDERATION of being permitted to enter for any purpose any RESTRICTED AREA (herein defined as including but not limited to the racing surface, pit areas, infield, burn out area, approach area, shut down area, and all walkways, concessions and other areas appurtenant to any area where any activity related to the event shall take place), or being permitted to compete, officiate, observe, work for, or for any purpose participate in any way in the event, EACH OF THE UNDERSIGNED, for himself, his personal representatives, heirs, and next of kin, acknowledges, agrees and represents that he has, or will immediately upon entering any of such restricted areas, and will continuously thereafter, inspect such restricted areas and all portions thereof which he enters and with which he comes in contact, and he does further warrant that his entry upon such restricted area or areas and his participation, if any, in the event constitutes an acknowledgement that he has inspected such restricted area and that he finds and accepts the same as being safe and reasonably suited for the purposes of his use, and he further agrees and warrants that if at any time, he is in or about restricted areas and he feels anything to be unsafe, he will immediately advise the officials of such and will leave the restricted areas:

1. HEREBY RELEASES, WAIVES, DISCHARGES AND COVENANTS NOT TO SUE American Motocross Enterprises, Inc., and J. and Shirley J. Shore, the promoter, participants, racing association, sanctioning organization or any subdivision thereof, the operator, track owner, officials, car owners, drivers, pit crews, any persons in any restricted area, promoters, sponsors, advertisers, owners and lessees of premises used to conduct the event and each of them, their officers and employees, all for the purposes herein referred to as "releases", from all liability to the undersigned, his personal representatives, assigns, heirs, and next of kin for any and all loss or damage, and any claim or demands therefor on account of injury to the person or property or resulting in death of the undersigned, whether caused by the negligence of the releases or otherwise while the undersigned is in or upon the restricted area and/or, competing, officiating in, observing, working for, or for any purpose participating in the event;

2. HEREBY AGREES TO INDEMNIFY AND SAVE AND HOLD HARMLESS the releasees and each of them from any loss, liability, damage, or cost they may incur due to the presence of the undersigned in or upon the restricted area or in any way competing, officiating, observing, or working for, or for any purpose participating in the event and whether caused by the negligence of the releasees or otherwise.

3. HEREBY ASSUMES FULL RESPONSIBILITY FOR AND RISK OF BODILY INJURY, DEATH OR PROPERTY DAMAGE due to the negligence of releasees or otherwise while in or upon the restricted area and/or while competing, officiating, observing, or working for or for any purpose participating in the event.

EACH OF THE UNDERSIGNED expressly acknowledges and agrees that the activities of the event are very dangerous and involve the risk of serious injury and/or death and/or property damage. EACH OF THE UNDERSIGNED further expressly agrees that the foregoing release, waiver, and indemnity agreement is intended to be as broad and inclusive as is permitted by the law of the Province or State in which the event is conducted and that if any portion thereof is held invalid, it is agreed that the balance shall, notwithstanding, continue in full legal force and effect.

THE UNDERSIGNED HAS READ AND VOLUNTARILY SIGNS THE RELEASE AND WAIVER OF LIABILITY AND INDEMNITY AGREEMENT, and further agrees that no oral representations, statements or inducements apart from the foregoing written agreement have been made.

IF YOUR MEMBERSHIP DOES NOT IN ANY WAY INCLUDE OR GUARANTEE TO YOU ANY INSURANCE COVERAGE ANY KIND, INSURANCE, IF ANY PROVIDED BY THE AMERICAN MOTO CROSS ENTERPRISES, INC., IS WITHOUT TO YOU AND MAY BE INCREASED, DECREASED, CANCELLED IN ANY WAY CHANGED BY THE INCORPORATION ANY TIME AT ITS SOLE DISCRETION.

IF UNDER 18 YEARS OF AGE, NOTARIZED SIGNATURE OF PARENT OR GUARDIAN IS REQUIRED!

SIGNATURE OF APPLICANT

SIGNATURE OF PARENT OR GUARDIAN
(when is under 18 years of age)

## Ventura Counties #1 DEALER

# SIMI VALLEY CYCLE

ALL MEMBERS
SPECIAL DISCOUNT

YAMAHA MAICO
Husqvarna SUZUKI

2902 E. LOS ANGELES AVENUE
SIMI VALLEY, CA 93065
(805) 522-3434